MARY GRACE PATCHEN, *appellant, vs.* MARIA F. DEVIN and others, *respondents.*

Where, upon appeal from a decree of the surrogate made upon an application for letters of administration, it appears that the sole issue tried was, whether the person to whom the citation was addressed was or was not the widow of the deceased; and the evidence leaves the court in doubt whether there was a marriage between the deceased and the person claiming to be his widow, it will, especially where there is offspring from the alleged marriage, recognized by the deceased as his, order the case to be tried by a jury, at the circuit.

THIS was an appeal from the decision of the surrogate of the city and county of New York, upon an application for letters of administration upon the estate of Henry C. Patchen, deceased, by Maria F. Devin, testamentary guardian of a brother of said Patchen. The citation was addressed

to "Mary G. Melvin, otherwise called Sparks or Patchen, claiming to be the widow of Henry C. Patchen," &c. The sole issue tried was, whether the person to whom the citation was addressed was or was not the widow of Henry C. Patchen. Upon that issue much testimony was given, on both sides; a good deal of which was conflicting. It was proved that the deceased left him surviving a son named Henry C. The judgment of the surrogate was, "that Mary G. Melvin, otherwise called Sparks or Patchen, is not the widow of Henry C. Patchen, deceased."

*S. E. Lyon*, for the appellant.

*A. W. Bradford*, for the respondent.

*By the Court*, INGRAHAM, P. J. In this case the evidence on the part of the appellant was amply sufficient to show a marriage; and although that evidence was somewhat impeached, still we are not satisfied that there was sufficient to overcome the testimony.

A reversal of the surrogate's decree will give the parties the opportunity to submit the case to a jury, where we think such a question should be decided. Where there is a clear preponderance of testimony, such a course is not necessary; but when we doubt as to the facts submitted for the purpose of contradicting the evidence of the claimant, and more especially when there is offspring from the marriage, recognized by the deceased as his, we think we shall best promote the ends of justice by ordering this case to be tried by a jury.

Decree of surrogate reversed, and a trial ordered at the circuit.

[New York General Term, May 5, 1862. *Ingraham, Leonard* and *Rosekrans*, Justices.]